960

## CLOVERBROOK C & D, INC.

v.

## WILLIAM GRAULICH & ASSOCIATES, trading and doing business as Clinhill Associates.

Civ. A. No. 86–2782.

United States District Court,
E.D. Pennsylvania.

May 19, 1987.

William E. Haggerty, Lancaster, Pa., for plaintiff.

Frank Sinon, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Before the Court is defendant's motion to dismiss for lack of personal jurisdiction or to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

The case concerns the construction of a Holiday Inn in Clinton, New Jersey, for which plaintiff was to supply and install the exterior insulation and finish system. The original contract between the parties was modified twice. The second modification, designated by the plaintiff as "the termination contract", is the subject of the claim. Plaintiff alleges that it performed all of its obligations under the contract as finally modified, but that defendant has refused to pay the $44,554.50 due for labor and materials which were supplied or which could have been supplied.

Defendant contends that its contacts with Pennsylvania are insufficient to subject it to this Court's jurisdiction. Affidavits submitted by both parties establish that the defendant is not regularly engaged in business in Pennsylvania and in no other respect maintains any affiliation with this forum.[1] Consequently, if personal jurisdiction exists, it must arise from defendant's contacts with Pennsylvania in connection with the subject matter of this lawsuit. 42 Pa.Con.Stat.Ann. § 5322(c), *Gehling v. St. George's School of Medicine*, 773 F.2d 539 (3d Cir.1985), *Dee Paper Co. v. Springfield Electrical Specialties, Inc.*, No. 86–5606, slip op. at 3 (E.D.Pa. March 31, 1987) [Available on WESTLAW, DCT database].

Consistent with the United States Supreme Court's analysis of the minimum

---

**1.** While plaintiff has not conceded that defendant has no contacts with Pennsylvania other than the subject matter of this lawsuit, it has not contested defendant's assertions on this issue. Moreover, plaintiff's own affidavit is directed only toward demonstrating that the contacts made in the context of this action are sufficient to support this Court's jurisdiction over the defendant.

contacts sufficient to support personal jurisdiction as most recently set forth in *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the courts in this district have generally considered and balanced four factors identified in *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.*, 532 F.Supp. 951, 958 (E.D. Pa.1982), when evaluating contacts where a non-resident is involved in a contract with a Pennsylvania resident: "(1) the character of the pre-contract negotiations; (2) the location of those negotiations; (3) the terms of the sales agreement; and (4) the type of goods sold". *See, also, Dee Paper Co.*, slip op. at 3, *USA Coil and Air, Inc. v. Cavalier Mechanical, Ltd.*, No. 86–3293, slip op. at 6 (E.D.Pa. Jan. 23, 1987) [Available on WESTLAW, DCT database], *Alan Berger and American Acquisitions, Inc. v. Nanes Finishing and Assembly Corp., et al.*, No. 86–1870, slip op. at 5 (E.D.Pa. Dec. 4, 1986) [Available on WESTLAW, DCT database].

The affidavits submitted by the parties in support of their respective positions shed little light on the four factors enumerated above. Plaintiff contends that the entire transaction between the parties is not at issue in this case. Thus, it seeks to focus on the "termination agreement" of April 4, 1985, as a separate contract although its purpose and effect was to reduce the obligations of the parties with respect to a contract originally signed on February 15, 1985, and first modified on March 5, 1985. To that end, the affidavit of Jacob Kurtz, plaintiff's president, recites that there were numerous phone calls and letters concerning negotiations which ultimately led to the April 4 modification. The affidavit also speaks of performance in Pennsylvania by construction of concrete panels at plaintiff's facility in Ephrata and inspection of the panels by defendant's employee there.

Defendant, on the other hand, contends that the Court should look to the entire transaction between the parties. In the affidavits of William Graulich, defendant's president, defendant contends that no employees were sent to Pennsylvania in connection with the April 4 modification and that all negotiations for it took place at the construction site in New Jersey. Moreover, defendant's affidavit recites that the original contract arose from a sealed bid sent to the project's general manager in New Jersey and that the contract was signed by defendant's president at its offices in New Jersey.

Despite the dearth of facts which would facilitate our contacts analysis and although cognizant of our obligation to take as true all of plaintiff's allegations and to give it the benefit of all reasonable inferences from the pleadings, affidavits and exhibits, *Alan Berger and American Acquisitions, Inc.*, slip op. at 3, we are nevertheless persuaded that the defendant's contacts with Pennsylvania are insufficient to support this Court's exercise of *in personam* jurisdiction over it.

It is significant that plaintiff's affidavit, while speaking of an exchange of letters and phone calls, stops short of asserting that negotiations took place here, even with respect to the April 4 modification. Moreover, it is obvious that the final modification had its genesis in the plaintiff's performance, or lack thereof, of the original contract and the first modification. In order to obtain the original contract, plaintiff submitted a bid; the defendant did not specifically seek plaintiff's services in Pennsylvania. While part of the performance due on plaintiff's part was construction of concrete panels which could be, and was, accomplished in Pennsylvania, the finished product was to be delivered to the construction site in New Jersey. Thus, insofar as the four factors enumerated in *Strick* apply here and can be discerned from the documents submitted in connection with this motion, they tend to favor defendant's position that sufficient contacts for personal jurisdiction are lacking. It is clear that the mere entering into a contract with a Pennsylvania resident and that party's unilateral decision to render performance in Pennsylvania, even if defendant did inspect the product here, are not such contacts as will support jurisdiction where other factors in the parties' course of dealing indicate that the defendant did not purposefully avail itself of the

privilege of conducting activities in Pennsylvania and could not reasonably anticipate being haled into court here. *Burger King v. Rudzewicz, Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir.1984), *Dee Paper Co.*, slip op. at 5, 6.

Having concluded that this Court lacks personal jurisdiction and cannot hear this case, the action will be transferred to the District of New Jersey. *Gehling v. St. George's School of Medicine*, 773 F.2d at 544.